### MILLER v. GABLE, 2 Denio, 492—570.

Reported 10 Paige, 627.

*Religious Corporation ; Trust and Trustee for Particular Form of Faith.*

IN this case, which was a religious squabble for the temporalities of a church between two sets of corporators and their respective adherents, the Chancellor held that where the trustees of a " German Reformed Church" which was in ecclesiastical connection with and subject to the church judicatories of the Dutch Reformed Church (Calvanistic) in

the United States, attempted to dissolve the connection, and employed German *Lutheran* pastors without the consent of a large portion of the church and congregation or of the *classes* with which the church was connected, and refused to permit the stated supplies of preachers provided by the classes to occupy the pulpit; that such conduct of the trustees was a diversion of the funds and property of the church, from the purposes for which they were contributed by the original donors.

He held also that those members of the church who adhered to the original doctrines of the church and who had continued their ecclesiastical connection with those church judicatories under whose jurisdiction the church was when the property of the church was acquired, and who had also kept up a proper corporate organization by the regular election of the proper church officers, as trustees of the corporation from time to time, were entitled to the *temporalities of the church,* and the Court of Chancery has jurisdiction to prevent a diversion of them from the purposes to which they were originally devoted, and to require them to be appropriated to the *form of worship* and *religious* trusts which they were intended to support.

The Court of Errors *reversed* the decree of the Chancellor, but from the variety of grounds maintained by different senators in favor of *reversal,* it is somewhat difficult to ascertain which particular ones were sustained by a majority of the court.

Senator Folsom held, 1. " That the deviation from the faith and practice prevailing in the church at former periods, if indeed there was any such deviation proved, was too slight and unimportant to warrant the interposition of the court below, even if such an interposition by that court on account of an alleged departure from the belief of the founders or benefactors of a church would even be justifiable which he considered to be matter of doubt. 2. That the connection of the church with the Reformed Dutch Church was voluntary, and was never binding on the former and was now at an end. 3. That the Court of Chancery is deprived of jurisdiction by the provisions of the statute. (2 R.

S. 466, § 57.) And 4. But the order of the Vice Chancellor in the former suit mentioned in the pleadings and proofs was a bar to the relief sought in this suit.

Senator Barlow held, that a majority of the church or the trustees, if incorporated, were at liberty to deviate from the doctrines which prevailed at the time of the donation, and that such deviation will not produce a forfeiture of such property, or entitle the minority adhering to the old faith to the enjoyment of it.

2. That when property is in terms conveyed in trust to support a particular form of worship or certain doctrines, the Court of Chancery may enforce the trust and prevent a division of the property.

3. That in this case, no portion of the temporalities appeared to have been conveyed upon any trust relating to particular religious doctrines or church government; but if they were, the deviation was not material enough to authorize the Court of Chancery to interfere.

Gardiner (President) held, that the terms of the trust deed "for the worship of God in the German language," were sufficiently answered by the form of worship in the faith of the Lutheran as well as of the Calvanistic tenets. That upon the subject of church government or ecclesiastical connection, (the two grounds on which the Chancellor placed his decision,) the declaration of trust was entirely silent.

The judgment was reversed by a vote of 14 to 3.